DML Corp. v. Washington, No. 97-3-11 Bncv (Carroll, J., August 2, 2013)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 97-3-11 Bncv** |

| | |
|---|---|
| **DML Corp.**<br> **Plaintiff,**<br><br> **v.**<br><br>**Richard Washington and**<br>**Kimberley Washington,**<br> **Defendants.** | |

### Entry Order on Plaintiff's Request for Trustee Process on Post-Judgment Interest

Defendants are former tenants of Plaintiff. On August 12, 2011, this Court entered judgment in favor of Plaintiff on his claim for payment of back rent. On May 30, 2012, this Court granted trustee process in favor of Plaintiff and directed Ms. Washington's employer, Martin's Minimart, to withhold her wages at a rate of $50.00 per week to pay off Plaintiff's judgment. On May 30, 2012, Defendants owed Plaintiff $1,761.07. Between August 2012 and April 2013, Ms. Robinson made a series of payments, through wage withholding, to Plaintiff that totaled $1,761.07. Plaintiff returns to this Court to ask for payment of additional post-judgment interest and payment for the fees of serving the trustee with trustee process order.

Plaintiff requests the Court grant trustee process because he asserts he is entitled to the interest that accrued on the remaining principal during the term of the trustee process. Plaintiff requests $132.60 in post-judgment interest and $56.20 for serving the trustee. Plaintiff cites no law for his argument other than that the statutory rate for post-judgment interest is twelve percent. *See* 9A V.S.A. 41a(a).

The main issue in this case is whether interest continues to accrue during the term of a trustee process. V.R.C.P. 4.2 sets up the process by which a judgment creditor may request trustee process. The Reporter's Notes to the 1984 amendments indicate a change to V.R.C.P. 4.2(k) and allows trustee process to include post-judgment interest, as provided by V.R.C.P. 69. The 1984 Reporter's Notes to V.R.C.P. 4.2 reference the 1981 Reporter's Notes to V.R.C.P. 69. V.R.C.P. 69 specifies how a judgment creditor may enforce a judgment. The Reporter's Notes to the 1981 Amendment indicate the intent was to clarify how to calculate post-judgment interest. At the end, the notes indicate: "The amendment also provides that in the event of partial satisfaction, all interest due to date on the full amount of the judgment shall be a charge against

the amount collected. The unsatisfied portion of the judgment shall bear interest in the same manner on any subsequent levy."

Combining the Reporter's notes to the 1984 Amendment of V.R.C.P. 4.2 and the 1981 Amendment to V.R.C.P. 69, a judgment creditor may collect interest during the trustee process period. Once the Court orders trustee process, the debtor's employer makes a series of partial payments to the judgment creditor on the judgment. Each of these payments is a partial satisfaction, which leaves some principal. The remaining principle bares the statutory interest rate of 12%. A judgment debtor would not be entitled to any interest on the interest. V.R.C.P. 69 also provides that partial payments shall be applied first toward accumulated interest.

Kimberley Robinson argues she can no longer afford to pay $50.00 per week. To change a court order, Defendant must show a change in circumstances. On July 15, 2013, Kimberly Robinson submitted a financial statement. Ms. Robinson claims total monthly income of $1,825.56 and total monthly expenses of $1,819.00. The Court previously determined Ms. Robinson had an average weekly disposal income of $354.14, which translates to $1,538.73 per month.[1] It remains unclear to the Court whether $1,538.73 per month represented a gross or net income. Nevertheless, it appears Ms. Robinson's income has improved and Ms. Robinson has shown that her reasonable and necessary expenses have also increased. Thus, the Court will not modify the payment plan because it does not see a change of circumstances.

The only remaining question is how to structure a trustee process order to avoid this problem in the future. At the time of the last payment, on April 25, 2013, Defendants owed Plaintiff $129.32. Interest of $4.21 has accumulated between April 25, 2013 and August 2, 2013. Plaintiff is entitled to continued interest at the statutory rate on this sum, plus payment for serving the trustee at $56.50, for a total of $190.03. The Court will now set a schedule for payments starting on August 16, 2013 that includes payment of the interest that accrues during the term of the trustee process. The trustee will take $50.00 per week, on each Friday, from Kimberly Robinson's paycheck. To avoid the problem of giving Plaintiff interest on interest, the Court must subtract $0.02 from the August 16, 2013, payment.[2]

The schedule for payments will be:

August 16, 2013 – Payment of $50.00, to leave a balance of $140.88

August 23, 2013 – Payment of $50.00, to leave a balance of $91.21

August 30, 2013 – Payment of $50.00, to leave a balance of $41.42

September 6, 2013 – Payment of $41.51, to leave a balance of $0.00

---

[1] The average month has 30.42 days; there are 4.35 weeks in the average month.
[2] See attached calculation of principal and interest.

Failure to make the specified payments on the listed dates may result in additional accumulation of post-judgment interest, so it is important for Defendant to ensure that her employer follows the above schedule in an effort to avoid accumulation of additional interest.

## **Order**

The Court *grants* Plaintiff's petition for trustee process. Ms. Robinson's employer shall withhold $50.00 per week until she repays her debt of $190.03. To account for the accrual of post-judgment interest during the term of the trustee process, her employer must follow the plan described above.

Dated at Bennington, Vermont on August 2, 2013

_____
Karen R. Carroll
Superior Court Judge